PEOPLE, *ex rel.* BROWN, *v.* PARSONS.

1. MUNICIPAL CORPORATIONS—CHARTER—CONSTRUCTION—ABSURDITY.
   A section of a city charter will not be given a literal construction, where such construction would lead to a manifest absurdity.

2. ELECTIONS—LANSING CHARTER—CONSTRUCTION—INTENT — MEMBERS OF CITY COUNCIL—ELIGIBILITY AS CANDIDATES.
   Section 53 of the charter of the city of Lansing, providing that "No member of the city council shall, during the period for which he was elected, be elected or appointed to, or be competent to hold, any office or position or receive any employment directly or indirectly connected with the city government," construed, and *held*, to be the intent to prevent the holding of two offices by one man at the same time, and the holding by one man of a second office during the period of the term of his first office, and not to disqualify aldermen from succeeding themselves or from being elected to the office of mayor or city treasurer for the term succeeding their terms as aldermen.

Certiorari to Ingham; Collingwood, J.   Submitted March 13, 1918.   (Calendar No. 28,333.)   Decided March 13, 1918.

Mandamus by the people of the State of Michigan, on the relation of William C. Brown, prosecuting attorney of Ingham county, to compel Judson A. Parsons, clerk of the city of Lansing, to remove certain petitions from his files and to refrain from placing certain names upon the official ballot for city offices. Judgment for relator.   Respondent brings certiorari. Reversed.

*Cummins & Nichols, Edward Cahill,* and *Walter S. Foster,* for relator.

*Joseph H. Dunnebacke,* City Attorney, *Jason E.*

*Nichols, Frank L. Dodge,* and *Warner & Raudabaugh,* for respondent.

PER CURIAM.    Certiorari to mandamus.    The learned circuit judge held that under the provisions of section 53 of the charter of the city of Lansing certain aldermen were disqualified to succeed themselves in office by election, and that certain other members of the council were disqualified to be elected to the office of mayor and of city treasurer. The charter provision is as follows:

"No member of the city council shall, during the period for which he was elected, be elected or appointed to, or be competent to hold any office or position or receive any employment directly or indirectly connected with the city government."    *    *    *

Given a literal construction this section of the charter leads to the manifest absurdity that the moment a citizen was elected a member of the city council, he would thereupon become disqualified to hold the very office to which he had been elected. It is obvious that the legislative body (in this case the people) had no such intention, but that their purpose was to provide against the same evils which brought about the adoption of section 7 of article 5 of the Constitution of the State. This section has been repeatedly construed by this court, notably in the case of *Fyfe* v. *Kent County Clerk,* 149 Mich. 349, and in *Murtha* v. *Lindsay,* 187 Mich. 79.

We are of opinion that the evils sought to be remedied by the enactment of the legislation in question were the holding of two offices by one man at the same time, and the holding by one man of a second office during the period of the term of his first office. Given this construction, the provision in question affords the protection sought.

The order of the lower court is reversed.