SPRISTER *v.* CITY OF STURGIS.

ATTORNEY GENERAL, *ex rel.* KIRSCH, *v.* ROOSE.

1. QUO WARRANTO—ON REVIEW SUPREME COURT HAS DUTY TO DE-
TERMINE QUESTION PRESENTED.

On reviewing *quo warranto* proceedings instituted pur-
suant to 3 Comp. Laws 1915, §§ 13551-13553, where the
question presented is the validity of amendments to the
charter of the city of Sturgis, adopted under the home-
rule act (1 Comp. Laws 1915, § 3304 *et seq.*), abolishing
the city commission of five members and providing for
one of nine members and questioned as conflicting with
1 Comp. Laws 1915, § 3308, as amended by Act No. 119,
Pub. Acts 1923, and dismissed on the ground that the
claimed invalidity of the amendments is not "material
fraud or error" in the election, within the meaning of
said sections 13551-13553, it is the duty of the Supreme
Court to determine the validity of said amendments.

2. MUNICIPAL CORPORATIONS — HOME-RULE ACT — ELECTORS MAY
AMEND CITY CHARTER ALTHOUGH EFFECT IS TO ABOLISH CITY
COMMISSIONERS BEFORE TERMS WOULD EXPIRE.

An amendment of a city charter, adopted by the electors
under the home-rule act, whose purpose was not to shorten
the term or terms of the city commissioners, but to pro-
vide a new and different legislative body in the city govern-
ment, is not void as conflicting with 1 Comp. Laws 1915,
§ 3308, although the effect was to abolish the present body
of five commissioners on the day the new commissioners
were elected, since the electors have such power under
the home-rule act.

3. SAME—PUBLIC OFFICER DOES NOT HAVE CONTRACT RIGHT TO
OFFICE.

In Michigan, one does not have a contract right to a
public office, but the office is taken subject to the con-
tingency that it may be abolished lawfully.

Error to St. Joseph; Johnson (Clayton C.), J. Sub-

---

[1]Quo Warranto, 32 Cyc. p. 1465; [2]Municipal Corporations, 43
C. J. § 1069 (Anno); [3]Officers, 29 Cyc. p. 1367.

mitted January 6, 1928.    (Docket No. 104.)    Decided February 23, 1928.

*Quo warranto* proceedings by Frank J. Sprister against the city of Sturgis and others, interveners, to determine the validity of amendments to the charter of defendant city.    From an order granting a motion to dismiss, plaintiff brings error.    Remanded with instructions.

*Hugh G. Maddox* and *Palmer & Weage*, for appellant.

*Jay J. Stanton* and *Roy H. Hagerman*, City Attorney, for appellee City of Sturgis.

*Harry C. Howard* and *J. Paul Wait*, for interveners.

Mandamus by William W. Potter, attorney general, on the relation of C. W. Kirsch and others, to compel Wilson Roose and others, city commissioners of the city of Sturgis, to call and hold a special election.    Submitted January 6, 1928.    (Calendar No. 33,529.) Writ dismissed February 23, 1928.

*Harry C. Howard* and *J. Paul Wait*, for plaintiff.

*Roy H. Hagerman*, City Attorney, and *Cowell & Frankhauser*, for defendants.

CLARK, J.    The first action is *quo warranto* to test the validity of amendments of the charter of the city of Sturgis.    On motion the proceeding, after full hearing and taking the testimony, was dismissed and plaintiff brings error.

The city has a charter adopted under the home-rule act, 1 Comp. Laws 1915, § 3304 *et seq.*, as amended. It has a city commission of five members elected at large, one elected each year for a term of five years. The main feature or purpose of the amendments

adopted by the people at an election was to abolish such
body and to provide for a commission of nine members,
one to be elected at large for the term of one year
and two from each of four precincts to serve for a term
of two years. The validity of the amendments is
challenged as conflicting with a provision of section
3308, 1 Comp. Laws 1915, as amended by Act No. 119,
Pub. Acts 1923, § 5, subd. (*d*), which is that no city
shall have power:

"To change the salary or emoluments of any public
official after his election or appointment or during his
term of office; nor shall the term of any public official
be shortened or extended beyond the period for which
he was elected or appointed, unless he resign or be
removed for cause where such office is held for a fixed
term."

This proceeding is pursuant to sections 13551-13553,
3 Comp. Laws 1915:

"SECTION 28. A petition may be filed in the circuit
court of any county of this State whenever it shall be
made to appear that material fraud or error has been
committed at any election in such county at which
there shall have been submitted any constitutional
amendment, question, or proposition to the electors of
the State or any county, township or municipality
thereof.

"SEC. 29. Such petition shall be filed within thirty
days after such election by the attorney general or the
prosecuting attorney of the proper county on his own
relation, or on the relation of any citizen of said county
without leave of the court, or by any citizen of the
county by special leave of the court or a judge thereof.
Such petition shall be filed against the municipality
wherein such fraud or error is alleged to have been
committed.

"SEC. 30. After the filing of such petition the pro-
cedure shall conform as near as may be to that pro-
vided by law for informations in the nature of *quo
warranto*."

The ground of the motion upon which the proceeding

was dismissed is that the claimed invalidity of the amendments is not "material fraud or error" at the election within the statute just above quoted. This case on its face is not a contest between rival claimants for office. The question before us is the validity of the amendments. Practically as presented it is a contest between the present commissioners, represented by the regular city attorney who appears as such, and citizens, sponsors of the amendments, who were permitted to intervene and who are represented by counsel. The city is also represented by special counsel contending against the position of plaintiff and his counsel, who, with the city attorney, urge the claimed invalidity.

We think it our duty to pass on the question before us. In *Youells* v. *Morrish,* 218 Mich. 194, it was said of the statute last above quoted:

"The legislature by adopting these three sections, evidently intended a change in the practice; otherwise nothing was accomplished. A reading of these new sections clearly evidences, we think, this legislative intent: That where it is claimed there was fraud or there was error, invalidity, in an election at which any constitutional amendment, question or proposition has been voted upon, the proceedings to test the election must be against the municipality affected by the proceedings and must be brought within 30 days after the election. The purpose of the change is clearly apparent; the municipality to be affected by the proceedings should have an opportunity to be heard, and public policy requires that there should be a speedy determination of the validity of the election before engagements are entered into by such municipality."

The word "invalidity" was there used advisedly, and as within the contemplation of the statute. We think it proper in this proceeding to inquire of the claimed invalidity of the amendments. The purpose of the amendments is not to shorten the term or terms of the commissioners of the city. The purpose is much

broader. It is to provide a new and different legislative body in the city government, and, of course, to abolish the present body as of the day when the members of the new body shall have been elected and qualified.

The electors of the city have statutory power to amend the charter, to abolish lawfully the legislative body and to provide another and different body, to do what was here done. The power as here lawfully exercised would be rendered nearly nugatory if the taking effect of the amendments were postponed to the day when the term of office of the commissioner now elected for the longest term shall have expired. The practical difficulties of authorizing and providing a legislative body to function until that day will suggest themselves. It was not intended that the above provision quoted from the home-rule act should have such effect.

In this State one does not have a contract right to an office. The office is taken subject to the contingency that it may be abolished lawfully. The present commission of the city has been abolished as stated. The authorities are fully reviewed in notes in 4 A. L. R. 205, and 37 A. L. R. 815. See *Long v. Mayor, etc., of New York,* 81 N. Y. 425. We agree with the trial judge that plaintiff ought not to prevail, but we think judgment on the merits should have been entered against him. The cause is remanded that the judgment may be modified accordingly. No costs.

Electors of the city, favoring reform of the charter as above stated, and meeting opposition by the present commissioners, filed petitions for the recall of such commissioners. Election to determine recall was refused. Mandamus was instituted on the relation of the attorney general to compel the calling and holding of such election. In view of our holding in the main

case, we think the action in mandamus of no practical importance and it is dismissed, without costs.

NORTH, FELLOWS, WIEST, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.