[No. 26547.   Department One.   August 9, 1937.]

L. W. MILLER, *Appellant,* v. THE CITY OF SEATTLE *et al.,*
*Respondents.*[1]

*Ralph B. Potts,* for appellant.

*A. C. Van Soelen* and *John E. Sanders,* for respondents City of Seattle *et al.*

*Little, Burgunder & Smith,* for respondent Kirtley.

MAIN, J.—This action was brought to enjoin the civil service commission of the city of Seattle from certifying anyone as eligible to the office of captain of police who had not previously held the rank of lieutenant of police.  In addition to the commission, the city and the chief of police were made parties defendant.  One Walter B. Kirtley intervened.  The trial resulted in a dismissal, from which the petitioner appeals.

The question to be determined is whether, at the time the promotional examination was held for those desiring the rank of captain of police, there was, at

[1]Reported in 70 P. (2d) 786.

that time, any "office of lieutenant of police" as the next lowest in rank, or whether the next lowest in rank to that of captain was the rank of sergeant.

In 1911, the city council passed an ordinance relating to and naming the positions of the officers and employees of the various departments of the city of Seattle and fixing the salaries therefor. Section 1 of the act provided that the positions of the officers and employees of the several departments of the city government shall be known and designated as herein set forth:

"Police Department: Chief of Police, Inspector, Captains, Captain of Detectives, Detectives, Sergeants, Patrolmen, . . ."

From this, it appears that there was no office of lieutenant at that time.

In 1912, the city council passed another ordinance with like title, and like section 1, as the previous ordinance had, and listed therein was the following:

"Police Department: Chief of Police, Inspector, Captains, Lieutenants, Captain of Detectives, Detectives, Sergeants, Patrolmen, . . ."

It was by this ordinance that the office of lieutenant was created. That office continued to be specified in the ordinances that were passed from time to time until 1936, when an ordinance was passed, with like title, and like section 1, as the previous ones had had, and which recited:

"That the positions and grades of the officers and employees of the various departments of the city government of the City of Seattle, hereinafter named, from and after the first day of January, 1936, shall be defined and designated as herein set forth, and the compensation to be paid said officers and employees under authority of this ordinance shall not exceed the amounts indicated in the following sections: . . .

"Section 11—POLICE: Chief of Police, Inspector of

Police, Chief of Detectives, Captain of Detectives, Captain, Sergeant, . . ."

There is in this ordinance no position of lieutenant named or provided for. Subsequent to its passage, the chief of police gave notice to the five lieutenants who were then in the service, to the effect that the lieutenants were "hereby reduced to the rank of sergeant of police. . . ."

May 29, 1936, the civil service commission of the city gave notice that a promotional examination would be held for the position of captain of police on August 6, 1936. This examination was held, and the lieutenants who had been reduced to the rank of sergeants took the examination, as well as a number of others whose highest rank up to that time had been that of sergeant. Shortly after the examination was held, the appellant, being one of the lieutenants who had been reduced to the rank of sergeant and who took the examination, brought this action for the purpose, as above stated, of restraining the commission from certifying anyone taking the examination as eligible to the office of captain of police who had not previously been a lieutenant.

We now come to the question of whether the ordinance of 1936, which did not mention the office of lieutenant in the police department, abolished that position. That the city council has the right to create offices and abolish them in the interest of economy and efficiency, or combine the work of several employees so that their duties will thereafter be performed by a lesser number of men, is well settled. *State ex rel. Voris v. Seattle*, 74 Wash. 199, 133 Pac. 11. A position created by ordinance can be abolished indirectly as well as directly. *State ex rel. Burris v. Seattle*, 82 Wash. 464, 144 Pac. 695.

As already pointed out, in 1936, the ordinance relat-

ing to positions, grades and compensations, in section 1, contained the specifications that the "positions and grades of the officers and employees of the various departments of the city government of the City of Seattle," should be therein specified. This was a comprehensive ordinance and covered the positions and grades and the compensation of the officers and employees in the various departments of the city. The fact that this ordinance did not name the office of lieutenant of police plainly indicates a legislative intention to abolish that office. Whether it was done in the interest of economy or the efficiency of the service, is immaterial.

It is said, however, by the appellant that the office was not abolished, but only changed in name. But with this contention, we are not in accord. The evidence distinctly shows that, subsequent to the passage and taking effect of the 1936 ordinance, the duties which the lieutenants had formerly performed were then performed by the captains and the sergeants.

This case is wholly different from that of *State ex rel. Jarrett v. Seattle,* 186 Wash. 541, 58 P. (2d) 1212, where the position of "truck drivers" was not abolished, but it was sought to fill a portion of them by men who did not have the civil service rating of "truck driver," only that of "laborer." Here, as already indicated, the position of lieutenant was abolished.

The briefs in this case take a somewhat wider range than this opinion would appear to indicate, but we have disposed of what, in our opinion, is the controlling question, and that is all that is necessary.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.