LEWICKI v. MATULEWICZ.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—CHIEF CLERK OF JUSTICE COURT.

   Chief clerk of justice court in home-rule city which had adopted a civil service amendment to the charter *held*, in the classified service thereunder and not a head or chief deputy of an elective or appointive office and among the unclassified employees as claimed by defendant (Hamtramck Charter Civil Service Amendment, §§ 10, 14).

2. JUSTICES OF THE PEACE—MUNICIPAL CORPORATIONS—DEPUTIES AND ASSISTANTS.

   The duties of justices of the peace in a home-rule city cannot be delegated to a deputy.

3. MUNICIPAL CORPORATIONS — CIVIL SERVICE — UNCLASSIFIED EMPLOYEES.

   Municipal charter provisions relating to civil service status of municipal employees which specifically enumerated positions in the unclassified service not including the office of chief clerk for the justice court *held*, not to have intended to include such office within the unclassified service (Hamtramck Charter Civil Service Amendment, §§ 10, 14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 10 Am. Jur., Civil Service, § 13.
[1, 3] Clerks of court as within civil service laws and regulations. 14 A.L.R. 636.
[2] 31 Am. Jur., Justices of the Peace, §§ 17, 101.

4. JUSTICES OF THE PEACE—HOME-RULE CITIES—CLERKS—STATUTES.
    Appointment of clerks for justices courts in all home-rule cities
       is governed by pertinent charter provisions under act amending
       home-rule city act rather than previously-enacted statute au-
       thorizing legislative body to appoint such clerk in cities within
       certain population limits (Comp. Laws 1929, § 2239, as amend-
       ed by Act No. 283, Pub. Acts 1941; § 16493).

Appeal from Wayne; Miller (Guy E.), J. Sub-
mitted April 7, 1948. (Docket No. 19, Calendar
No. 43,936.) Decided May 19, 1948.

Bill by Joseph P. Lewicki against Frank Matule-
wicz and others, members of Hamtramck City Coun-
cil, and others to enjoin interference with plaintiff in
his duties as Chief Clerk of the Justice Court of the
City of Hamtramck. Decree for plaintiff. Defend-
ants appeal. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Stanley J. Draganski,* for defendants Matulewicz
and others.

*Michael A. Guest,* for defendant Machrowicz.

NORTH, J. The issue presented by this appeal is
this: Is the appointive office of clerk for the two
justices of the peace of the city of Hamtramck in-
cluded in the unclassified section of the civil service
amendment to the city's charter? Plaintiff contends
that the office here involved is not included in the un-
classified service and that as a result that office, now
occupied by him, is under civil service. The circuit
judge so held and defendants have appealed.

By a charter amendment, effective July 1, 1943,
the city of Hamtramck adopted a system of civil
service. On that date, and for a number of years
prior thereto, plaintiff occupied by appointment the

office of clerk for the two justices of peace of the city. Plaintiff's term of office under his last appointment expired July 1, 1946. It is his claim that under the July 1, 1943, civil service amendment he was and is entitled to continue in his official position subject to removal only as provided in the civil service amendment to the city charter.[*]

Defendants take the position that the office held by plaintiff is within the unclassified service and therefore not under civil service. Acting under what was claimed to be applicable charter authority, the city council in July, 1946, appointed defendant Chester Pierce "as chief court clerk in the Hamtramck justice courts." Plaintiff promptly filed his bill of complaint herein charging that defendants, or certain of them, "are in a conspiracy to prevent the plaintiff from continuing to assert and exercise the duties of his office, to-wit: Chief clerk of the justice court of the city of Hamtramck, and that they will take acts against him individually, severally or collectively and/or with other persons in an attempt to interfere with the proper exercise of the plaintiff's duties and responsibilities as chief clerk of the justice court, unless they are restrained from so doing by an order and injunction of this court." Issue was joined, the material facts agreed upon at a pretrial hearing, and after considering oral arguments and briefs, the trial court entered a decree which in part reads:

"It is further ordered, adjudged and decreed that the position of clerk of the justice court for the city of Hamtramck falls within the classified service and is subject to the provisions of the civil service amendment.

---

[*] Section 14 of the civil service amendment provides:

"All officers and employees of the city * * * at the time this section shall take effect, and who shall have been such for more than one year prior thereto, whose positions this section includes in the classified civil service shall hold their positions without examination until discharged."

"It is further ordered, adjudged and decreed that the action of the council of the city of Hamtramck in attempting to appoint some other person than the plaintiff as clerk of the justice court of the city of Hamtramck was and is a nullity and of no force and effect, and

"It is further ordered, adjudged and decreed that the plaintiff, Joseph Lewicki, was and is now the clerk of the justice court for the city of Hamtramck, and is entitled to his regular and proper emolument for his services."

By the charter amendment it was provided:

"SEC. 10: The civil service of the city of Hamtramck is hereby divided into three classes, namely:
"A. The unclassified service.
"B. The police and fire departments, and police signal and fire alarm system.
"C. The classified service."

Class B is not here involved. The issue is whether the office of clerk of the Hamtramck justice courts is included in class A, *i. e.*: The unclassified service; or in class C, *i. e.*: The classified service. The respective charter provisions are as follows:

"THE UNCLASSIFIED SERVICE shall comprise and include:

"a. Officers elected by the people; b. City attorney and assistant city attorneys; c. city assessor; d. city controller; e. city engineer; f. superintendent of public works; g. city physicians; h. director of public safety; i. director of public welfare; j. board of review; k. superintendent of buildings; l. hospital board; m. library board; n. officers and employees of such departments of the city as may be exempt from the provisions of civil service under the general laws of the State; o. registrars, inspectors, supervisors, clerks, and other assistants of the election commission; p. the secretary of each board or commission created by the charter and for ordinances; q. the mayor's secretary; r. head or chief

deputy of the elective and appointive offices; s. city dentist; t. health officer and doctors in said department; u. housing commissioners; v. sealer of weights and measures.   *   *   *

"THE CLASSIFIED SERVICE shall comprise and include all other officers, clerks and employees of all offices, departments and commissions of the city, whether now existing or hereafter created, except these hereinbefore set forth in this section 10 as being in the unclassified service, police department, fire departments, or police signal and fire alarm system."

Defendants assert that the office of clerk is included in the above subdivision "r", of class A, which reads: "r. Head or chief deputy of the elective and appointive offices." Plaintiff contends to the contrary.

We think that, as plaintiff contends, this clerkship must be considered as a part of the judicial branch of the Hamtramck municipal government, which is headed by two justices of the peace. The duties of such judicial officers cannot be delegated to a deputy. Hence plaintiff is not a head *deputy* or a chief *deputy* of the justices, who are elected officers. Instead plaintiff is a clerk for the two justices. As to this office, under chapter 21 of the city charter, entitled "Justice Courts," section 15 in part provides: "The city council shall provide a clerk for said justices of the peace."

A reading of the provisions in the civil service amendment for "the unclassified service," above quoted, clearly indicates the specific offices thereby excluded from civil service; such, for example, as city attorney, assistant city attorneys, city assessor, city controller, city engineer, superintendent of public works, city physicians, et cetera. We conclude it follows that had it been intended that this clerkship should be excluded from civil service it would have been specifically so provided in the charter

amendment adopting civil service, as was done in other instances in the manner just above noted.

Further, our consideration of subdivision "r" of the provision for unclassified service, brings the conclusion that it applies only to "deputies," either "head *deputies*" or "chief *deputies*" in any of the municipal offices of Hamtramck. As above noted, plaintiff is not a "deputy" and, therefore, the office he occupies is not included under subdivision "r" in the unclassified service. It follows, by reason of the charter provision which reads: "THE CLASSIFIED SERVICE shall comprise and include all other officers, clerks and employees of all offices," et cetera, that plaintiff is under civil service.

Appointment to the office here involved is not controlled by Act No. 171, § 1, Pub. Acts 1911 (3 Comp. Laws 1929, § 16493 [Stat. Ann. § 27.3901]). Instead, Hamtramck being a home-rule city, such appointment is controlled by the city charter amendment adopted under the more recent provisions of the home-rule act, which act authorized the city to provide in its charter "for a system of civil service." See 1 Comp. Laws 1929, § 2239, as amended by Act No. 283, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 2239, Stat. Ann. 1947 Cum. Supp. § 5.2082).

Careful consideration has been given to other reasons and arguments, pro and con, urged by the respective parties, but we find nothing in them persuasively inconsistent with our conclusion as above indicated. The decree entered in the circuit court is affirmed, with costs of both courts to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.