ROBERT L. MAYER, PLAINTIFF-APPELLANT, v. BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, A MUNICIPAL CORPORATION OF NEW JERSEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 8, 1958—Decided October 6, 1958.

Before Judges PRICE, SCHETTINO and GAULKIN.

*Mr. Mervyn R. Montgomery* argued the cause for the plaintiff-appellant (*Mr. William R. Brogan,* attorney).

*Mr. Oscar R. Wilensky* argued the cause for defendants-respondents (*Mr. Carl V. Greenburg* on the brief).

The opinion of the court was delivered by

PRICE, S. J. A. D. ██ By this appeal plaintiff seeks to reverse the action of the Superior Court, Law Division, in entering summary judgment in favor of defendants in a proceeding in lieu of prerogative writ in which plaintiff challenged the propriety of the temporary appointment of defendant Joseph Berenbach by the City of Passaic to the position of sanitation general foreman. Plaintiff sought also a declaration declaring null and void that portion of an ordinance of the defendant municipality which purportedly created that position. Plaintiff predicated his right to institute this action upon his standing as a resident and taxpayer of Passaic in reliance on *Meyers v. Mayor and Council of Borough of East Paterson,* 37 *N. J. Super.* 122 (*App. Div.* 1955), affirmed 21 *N. J.* 357 (1956).

In 1950 defendant municipality passed an ordinance creating the position of sanitation general foreman, which ordinance, it was agreed by respective counsel on this appeal, defined the duties of said position as follows:

"Supervises and works with several foremen and employees engaged in lifting garbage and ash containers from curbs to refuse trucks and emptying containers into trucks; establishes and maintains schedules of garbage and ash collection; supervises the proper handling of containers to prevent damage; gives suitable assignments to foremen and employees and supervises their work; supervises the obtaining, storing, safeguarding, and distribution of needed equipment, materials, and supplies, recommends the acquisition of needed equipment, materials, and supplies; develops effective work methods for foremen and subordinates, insures the proper use of needed equipment, materials, and supplies; prepares and keeps needed records and reports of personnel and work done, equipment used and time spent."

Subsequent to the creation of the position the city in 1952 abandoned its municipal scavenger service and thereafter retained a private contractor to perform this function. Therefore in May 1952, when the Civil Service Commission called for an examination for the position of sanitation

general foreman, it redefined the duties of the position as follows:

"Under supervision sees that all local ordinances pertaining to scavenger collection and services are observed and enforced; sees that the contractor or scavenger and his agents collect and dispose of refuse according to the term of the contract particularly as to frequencies of service, the prevention of litter on the street, and the manner of handling refuse containers; investigates and reports complaints; supervises the distribution of equipment and material; supervises the establishment and maintenance of files and records; does related work as required."

The 1950 ordinance was never repealed nor was the position of sanitation general foreman expressly abolished. The city's viewpoint was that the incumbent of that position should supervise the activities of the private contractor and investigate complaints. Accordingly in the ensuing years it continued to keep the position filled. As late as June 4, 1957, the city enacted a general salary ordinance which contained the maximum and minimum salary for the position under review. One Bert Welling occupied that position from 1952 until he resigned, effective December 31, 1957.

On December 17, 1957 defendant Paul DeMuro, mayor and director of public works of defendant municipality, advised the board of commissioners that he intended to appoint defendant Joseph Berenbach, who had been in the employ of Passaic as a sanitation inspector since 1952, as acting sanitation general foreman to fill the vacancy created by the resignation of Welling.

The affidavit of defendant DeMuro presented on the motion for summary judgment stated that no permanent appointment to the position of sanitation general foreman would be made until the Civil Service Commission had held an examination and submitted the names of those qualified for such permanent appointment. The temporary appointment received civil service approval "pending review of classification."

Plaintiff asserts that it was error to enter summary judgment in favor of defendants because there exist unresolved questions of fact.

Plaintiff relies on *R. S.* 11 :22–12 which provides as follows :

"No person shall be appointed or employed under any title not appropriate to the duties to be performed nor assigned to perform the duties other than those properly pertaining to the position which he legally holds."

Plaintiff asserts that if Berenbach is performing duties other than those approved by Civil Service the statute is violated, citing *Kraibuehler v. Civil Service Commission,* 134 *N. J. L.* 97, 102 *(Sup. Ct.* 1946), and that if his present duties differ in nature from those originally established by Civil Service and such difference is caused by job reclassification his appointment is illegal.

Plaintiff asserts that he is entitled to take testimony to show that there is a material difference between the description of the duties of the position involved as outlined in the ordinance of 1950 and as set forth in the description of such duties in the personnel action form which was submitted with the name of Berenbach to the Department of Civil Service for its approval. The 1958 form described the job as follows :

"Under supervision, sees that all local ordinances pertaining to the collection of ashes, garbage and refuse and relating services are observed and enforced ; supervises the scavenger contractors in the collection and disposal of refuse according to the terms of the municipal contract, particularly as to frequency of service ; the prevention of litter on the streets ; and the manner and handling of refuse containers ; investigating all complaints pertaining to refuse collection and takes remedial action in servicing complaints wherever necessary ; supervises the distribution of equipment and materials ; supervises the establishment and maintenance of files and records pertaining to refuse collections ; as [sic] general supervisory authority over all City employees within the Division of Ashes and Garbage ; and related work as required."

Plaintiff's complaint did not attack the position of sanitation inspector, the position formerly held by Berenbach and from which temporary promotion to the position of sanitation general foreman was made. The affidavit of the mayor of Passaic submitted to the trial court on the motion for summary judgment asserted that the suggested course of

action is an economy measure which envisions the ultimate consolidation of the two positions.

The trial court held: (a) that the position of sanitation general foreman was established by ordinance; (b) that the city had the right and duty to fill the existing vacancy; (c) that the fact that on May 17, 1955, as disclosed by the record, the board of commissioners agreed by resolution that in the event any vacancies in any departments of the city arose no appointment should be made without the prior approval of the board, which action was to be taken upon the recommendation and report of the supervisor of accounts and personnel officer, and the fact that on December 27, 1957 the said official recommended the abolition of the position of sanitation general foreman, which recommendation was not approved by the board, did not render the temporary appointment nugatory; (d) that said action meant merely that the board elected to ignore the resolution passed in 1955 and disagreed with the course of action suggested by the official in question; (e) that the commissioners were free, "if they chose to do so, to disregard any recommendation of the supervisor of accounts, which apparently is what they did"; (f) that the matter was one entirely within the discretion of the board and did not justify or warrant the court's interference; (g) that "The Board had the legal authority to fill an office which was legally created by ordinance and was vacant."

The basic questions are whether the duties outlined in the personnel action form referable to the 1958 temporary promotion of Berenbach from sanitation inspector to sanitation general foreman when contrasted with the duties set forth in the 1950 ordinance are so radically different as to constitute ·a completely new position and render the temporary appointment illegal; whether plaintiff is justified in his contention that the case be remanded to enable plaintiff to take testimony with reference to "the nature of the duties allegedly performed by Berenbach" and to determine "the extent of the change in the duties." Citing the case of *Swede v. City of Clifton,* 39 *N. J. Super.* 366 (*App. Div.*

1956), plaintiff contends that whether a new job was created as a result of reclassification is a question of fact. He contends that such fact can be determined only on a plenary hearing and cannot be resolved on a motion for summary judgment.

A comparison of the three aforesaid summaries of the tasks to be performed—those outlined in (a) the 1950 ordinance, (b) in the 1952 call for the examination by the Civil Service Commission, and (c) in the 1958 summary of duties outlined in the civil service personnel action form —indicates no material difference among them insofar as the general objective to be achieved is concerned. They all indicate clearly that the chief function of the sanitation general foreman is to supervise the scavenger service. The change by the city in 1952 from municipal service to an independent contractor system does not alter this fact. Between 1950 and 1952 the sanitation general foreman had the supervision of city employees engaged in the physical collection of garbage and ashes. Commencing in 1952 he was charged with surveillance of the garbage contractor's work and enjoined to make certain that the independent contractor performed his contractual obligations with the municipality. The title to the office was not changed. A portion of the duties did change due to the change in the method of collection, but apparently the city felt that its own employee should be assigned the task of requiring adherence by the contractor to his contract, to investigate complaints by the residents of the city and to check and supervise records pertaining thereto. The duties were accordingly reclassified in 1952. Again, in connection with the January 9, 1958 approval by the Department of Civil Service of the temporary promotion of Berenbach from sanitation inspector to sanitation general foreman, that Department had before it for its consideration, as aforesaid, a somewhat more specific list of duties of the position of sanitation general foreman.

We hold that the duties to be performed by Berenbach under the temporary appointment are not materially at

variance with those pertaining to the position of sanitation general foreman in their overall objective as outlined in the 1950 ordinance, nor is that title inappropriate to the duties set forth in the 1958 personnel action form. Therefore plaintiff's allegation of the existence of disputed questions of fact barring the granting of a motion for summary judgment is without merit.

Plaintiff further contends that the position of sanitation general foreman was impliedly abolished when the city changed its method of collection. The fact that some of the duties listed in the 1950 ordinance were no longer pertinent following the change by the municipality in the method of collection would not mean that the position of the sanitation general foreman was abolished.

Plaintiff does not cite any New Jersey decisions in support of this particular contention. He relies on *State ex rel. Cooper v. City of Seattle,* 199 *Wash.* 568, 92 *P.* 2d 249, 254 (*Sup. Ct.* 1939); *Millard v. Guy,* 334 *Mich.* 694, 55 *N. W.* 2d 210 (*Sup. Ct.* 1952); *State ex rel. Burris v. City of Seattle,* 82 *Wash.* 464, 144 *P.* 695, 696 (*Sup. Ct.* 1914). These cases involve factual distinctions which render them inapplicable to the case at bar. The case most nearly comparable, *viz., Burris, supra,* is likewise without factual similarity justifying its application to the case at bar. In that case the municipality formerly employed private scavengers and established the position of garbage weigher to insure against overcharge. The city thereafter utilized a municipal collection service. Weighing was no longer necessary. Appellant was transferred to another position and then laid off for reasons of economy. He sued for reinstatement. Reinstatement was denied. The court said:

"A position created by statute can be abolished indirectly as well as directly, and this position was indirectly abolished by the change in the system which rendered the services required thereby unnecessary, and by the failure to make an appropriation to pay for the services."

In the case at bar a comparison between the designated duties appearing in the personnel action form and the

duties prescribed in the 1950 ordinance does not justify the contention that the services of the position of sanitation general foreman have become unnecessary. The position still involves supervision and the performance of ancillary duties directly related to the proper performance of the collection service. Neither has there been any failure by the municipality to make an appropriation to pay for the services as was the situation in the *Burris* case, *supra*. Such appropriation has been made yearly by the City of Passaic.

As above stated, the city has not taken any action to abolish the position of sanitation general foreman. Although the recurring annual appointment to that position from 1952 to 1957 and the passage of the 1957 salary ordinance cannot in themselves justify the legality of the challenged position, such acts of the municipality negative any intention to abolish the position, which abolition plaintiff maintains arose by implication from the 1952 change in the method of collection.

We hold that no testimony was necessary to determine the propriety of the temporary appointment here challenged and that the trial court properly granted defendants' motion for summary judgment.

Affirmed.