*In re* HARRAND.

1. HABEAS CORPUS—JUDGMENT—RES JUDICATA—CONTEMPT.
Judgment in circuit court denying writ of *habeas corpus* inquiring into imprisonment of plaintiff for contempt of court is *res judicata* of validity of imprisonment unless reversed.

2. CRIMINAL LAW—CONSTITUTIONAL LAW.
Statute compelling one to be witness against himself, or to incriminate himself, is unconstitutional (Const., art. 2, § 16).

3. CONSTITUTIONAL LAW—STATUTES—CONSTRUCTION.
It is duty of court to adopt construction, if admissible, which will uphold validity of statute.

4. SAME—WITNESSES.
One required to answer statutory questions under 2 Comp. Laws 1929, § 9182, is only a witness, and as such has all the rights against self-incrimination which any witness possesses (3 Comp. Laws 1929, §§ 16268, 17203, 17435).

5. SAME—STATUTE PRESUMED CONSTITUTIONAL—WITNESSES.
It must be presumed that, in enacting 2 Comp. Laws 1929, § 9182, requiring one to answer statutory questions, legislature had in mind, and did not intend to violate, constitutional rights of witnesses.

6. SAME—STATUTES—CONSTRUCTION—WITNESSES.
Language of 2 Comp. Laws 1929, § 9182, requiring one to "answer fully and fairly such questions," while unfortunate and somewhat misleading, does not require one to testify against himself, but means that magistrate has jurisdiction to commit both for refusal to answer proper questions, and for patent evasion of disclosure evident from witness' own testimony.

7. SAME.
2 Comp. Laws 1929, § 9182, requiring one to answer statutory questions, properly construed, is constitutional.

8. CRIMINAL LAW—JUSTICES OF PEACE—JURISDICTION.
  Justice's court is of inferior and limited jurisdiction confined
    strictly to power conferred, and is to be exercised in prescribed
    manner.

9. SAME—INQUISITORIAL PROCEEDING BEFORE JUSTICE MANDATORY
  AND JURISDICTIONAL.
  Statutory conditions of inquisitorial proceeding before justice of
    peace are mandatory and jurisdictional, and he may not
    scramble his jurisdiction or proceedings (2 Comp. Laws 1929,
    § 9182).

10. STATUTES—WITNESSES—CIVIL ACTION.
  Proceeding with relation to person intoxicated in public place,
    provided by 2 Comp. Laws 1929, § 9182, considered civil as to
    him, is by complaint, subpœna, and interrogation for discovery
    and apprehension of others.

11. SAME—CONSTRUCTION—ACCUSED MAY NOT BE INTERROGATED AS
  WITNESS.
  One arrested and brought before justice of peace charged with
    intoxication in public place, and pleading guilty, may not be
    required under 2 Comp. Laws 1929, § 9182, to disclose from
    whom and conditions under which he procured his liquor,
    since person so interrogated is entitled to testify with free-
    dom and rights of witness assured of statutory immunity, and
    not ''under shadow of a policeman's club'' or jail sentence.

12. CONTEMPT—JUSTICES OF PEACE—REFUSAL OF ACCUSED TO
  ANSWER STATUTORY QUESTIONS.
  Where person interrogated under 2 Comp. Laws 1929, § 9182,
    by justice of peace was before him under criminal proceed-
    ing charged with intoxication in public place, and not as wit-
    ness for discovery and apprehension of others, said justice was
    without jurisdiction to commit accused on contempt for refus-
    ing to answer statutory questions telling from whom and con-
    ditions under which he obtained his liquor. ·

Certiorari to Wexford; Lamb (Fred S.), J. Sub-
mitted April 16, 1931. (Docket No. 156, Calendar
No. 35,474.) Decided June 1, 1931.

*Habeas corpus* proceedings to secure the release
of Frank Harrand, held for contempt by judge of
recorder's court of Cadillac in refusing to answer

questions pursuant to 2 Comp. Laws 1929, § 9182. Writ denied. He brings certiorari. Reversed, and discharge ordered.

*Arthur W. Penny,* for appellant.

*Paul W. Voorhies,* Attorney General, *William H. Yearnd,* Prosecuting Attorney, and *E. J. Millington,* for appellee.

FEAD, J. This is certiorari to review denial of *habeas corpus* issued to inquire into the imprisonment of Frank Harrand in the common jail of Wexford county.

November 8, 1930, criminal complaint, in usual form, was made before E. J. Millington, judge of the recorder's court of the city of Cadillac and having the jurisdiction of a justice of the peace, charging Harrand with the crime of being intoxicated at a public dance. The prosecuting attorney of the county indorsed on the complaint a direction to issue a warrant. Criminal warrant was issued, Harrand was arrested, brought before the court, arraigned, admitted his intoxication, and the magistrate immediately propounded to him the statutory questions set up in 2 Comp. Laws 1929, § 9182. Upon the magistrate finding that he had "refused to answer fully and fairly such questions, on oath," Harrand was committed to the county jail for contempt until he should "answer the questions propounded to him as to when, where, and of whom he procured the liquor which led to his intoxication as aforesaid."

After denial of *habeas corpus* in circuit court, Harrand and his attorney voluntarily appeared before the magistrate to purge the contempt, but were unsuccessful, and he was "remanded" to jail.

At such hearing other witnesses were sworn. It is urged that this proceeding constituted an acceptance and approval of the judgment of denial of the writ and the case now is moot. The record is that (except for bail allowed by this court pending review) Harrand is in jail under the original commitment, which has not been discharged. The judgment in circuit court is *res judicata* of the validity of such imprisonment unless reversed. Review confined to subsequent proceedings would not affect it. If the imprisonment be illegal, Harrand's only means of discharge from jail is on review of the judgment on *habeas corpus.*

It is contended the act is invalid because it compels a person to be a witness against himself, contrary to the Constitution, art. 2, § 16. The statute (2 Comp. Laws 1929, § 9182) reads:

"Sec. 36. Whenever complaint shall be made by any person on oath before any justice of the peace or other officer or magistrate, having jurisdiction, that any person is found intoxicated or has been intoxicated in any hotel, store, place of business, public building, street, alley, highway, or other public place, it shall be the duty of such justice, municipal or police court, to issue a subpœna to compel the attendance of such person so found intoxicated, or who has been intoxicated, as aforesaid, to appear before the justice or court issuing the same, to testify in regard to the person or persons of whom, and the time when, and the place where, and the manner in which the liquor producing his intoxication was procured; and if such person, when subpœnaed, shall neglect or refuse to obey such writ, the said justice or court who issued the same shall have the same power and authority to compel the attendance of the person so subpœnaed and to enforce obedience to such writ as in other civil cases. Whenever the person so subpœnaed shall appear before the jus-

tice or court to testify as aforesaid, said magistrate shall question him and the person so subpœnaed shall be required to answer on oath questions relating to when, where, and of whom he procured, obtained or received the liquor or beverage, the drinking of which contributed to the intoxication mentioned in this complaint. And if such person shall refuse to answer fully and fairly such questions, on oath, he shall be punished and dealt with in the same manner as for a contempt of court in other cases. If it shall appear from the testimony of such person that any of the offenses specified in this act have been committed, such justice or court shall make a true record of the same and cause it to be subscribed by such witness; and the said testimony or answers, when subscribed as aforesaid, shall be deemed a sufficient complaint to authorize the issuing of a warrant to arrest any person or persons who may appear from said complaint to be guilty of having violated any of the provisions of this act. Any person arrested on a warrant issued pursuant to the provisions of this section shall be brought before the justice or court issuing the same, and all subsequent proceedings in such suit or prosecution shall be governed by the rules of the law applicable thereto, as in other criminal cases: *Provided,* That the person so testifying under the provisions of this section shall not be held or prosecuted for the intoxication concerning which such testimony shall be given.''

If the act compels a person to incriminate himself, it is unconstitutional. *In re Dewar,* 102 Vt. 340 (148 Atl. 489). But such construction, while possible, is not imperative, and it is the duty of the court to adopt a construction, if admissible, which will uphold the validity of the statute.

The statute sets up an inquisitorial proceeding for the discovery of crime and apprehension of

offenders, in the class with inquest, grand jury, and criminal complaint made on information and belief with witnesses summoned in support before a warrant is issued. The person proceeded against is a witness, no more nor less. Not only does the general language of the statute so treat him, but the remedies are appropriate to such character. The process for his attendance is subpœna, and, upon failure to obey it, attendance is compelled as in "other civil cases." On refusal to answer, "he shall be punished and dealt with in the same manner as for a contempt of court in other cases." Turning to the law governing "other cases" before justices and magistrates, we find that the witness may be committed, until he shall answer, for refusal to answer "any pertinent or proper question." 3 Comp. Laws 1929, §§ 16268, 17203, 17435. It is only because he is a witness that indefinite imprisonment may be imposed for his failure to answer questions. Being only a witness, he has all the rights against self-incrimination which any witness possesses.

The immunity from prosecution provided in the statute does not impair the right against self-incrimination because it is not complete. *Counselman* v. *Hitchcock*, 142 U. S. 547 (12 Sup. Ct. 195). It must be presumed that the legislature had in mind, and did not intend to violate, the constitutional rights of witnesses in enacting the law. So the limited nature of the immunity, especially when contrasted, for instance, with that of, witnesses before a one-man grand jury, 3 Comp. Laws 1929, § 17220, emphasizes the intention of the legislature not to infringe upon the constitutional privilege.

The language of the clause "answer fully and fairly such questions" is unfortunate, as it has mis-

led counsel for both parties into the notion that the magistrate is empowered to try as an issue and render judgment upon the credibility and fairness of the witness and the fullness of the information he discloses, even taking testimony of other witnesses therefor; and it is contended that, under such power, the magistrate may require a person to testify against himself on peril of violating the injunction to answer fully and fairly to the satisfaction of the justice. To so construe the clause would not only endanger the constitutional right, but, in substance, would permit the magistrate to try the person for perjury or an unnamed offense and commit him to an indefinite term in jail. The meaning of the language is that the magistrate has jurisdiction to commit both for refusal to answer proper questions at all and for patent evasion of disclosure evident from the witness' own testimony. Otherwise it confers no power to try and punish him.

We think the law, properly construed, is constitutional.

In this case nothing appears in the record to indicate that Harrand was required to incriminate himself nor that his commitment was for any cause other than refusal to answer proper questions.

It is further urged that the commitment was invalid because the proceeding was not commenced by complaint and subpœna as required in section 9182. A justice's court is of inferior and limited jurisdiction and is confined strictly to the power conferred on it by law, to be exercised in the prescribed manner. The statutory conditions of an inquisitorial proceeding before a justice are mandatory and jurisdictional. *In the Matter of John Morton,* 10 Mich. 208.

The law provides two distinct proceedings with relation to a person intoxicated in a public place. One is criminal, by complaint, warrant, and trial, for his punishment. The other, under section 9182, considered by the legislature civil as to him, is by complaint, subpœna, and interrogation, for the discovery and apprehension of others. A justice cannot scramble his jurisdiction or proceedings. Could he, on civil declaration setting up commission of a crime, sentence defendant; or, on criminal warrant stating a ground for damages, render civil judgment? To get closer home, if the proceedings against Harrand had been by complaint and subpœna, could he have been sentenced for the intoxication merely because he was in the presence of the court? The obvious answer is equally applicable to the situation at bar.

We cannot agree with counsel that the manner or character in which a person interrogated is brought before a magistrate is unimportant and merely of form. The statute confers no general jurisdiction to discover crime, but merely the power to discover it in a specific way. By arrest on a criminal warrant, Harrand had been prosecuted for the intoxication, and had lost the benefit of the statutory immunity. In fact, his prosecution had gone further than mere arrest, as it is merely a play upon words to say that he had not pleaded guilty to the warrant. A layman, unversed in court procedure, would hardly be expected to know the technical difference, if there is any, between the effect of his admitting intoxication when arraigned, and using the word "guilty" in answering the charge. The person interrogated is entitled to testify with the freedom and rights of a witness, assured of the statutory immunity, and it is not unimportant to him, the public, or the person he may accuse, that he be not required

to give evidence "under the shadow of a policeman's club" or a sentence to jail.

· The judgment will be reversed, and Harrand discharged from custody.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.