## CITY OF BERKLEY *v.* HOLMES

1. Judges—Municipal Judges—Salaries—Fee System.

   Home-rule cities can set salaries to be paid municipal judges in lieu of the fee system and, by statute, such salaries shall be paid in lieu of all fees, both civil and criminal (MCLA §§ 87.38, 117.28, 730.501, 730.508a).

2. Municipal Corporations—Municipal Judges—Fee System—Processing State Criminal Cases.

   A municipal judge was not entitled to retain monies paid to him directly by the county for the processing of state criminal cases where the city charter expressly provided that such proceeds should be paid to the city treasury; the fact that the county paid the judge directly did not circumvent the fact that the fees properly belonged to the city.

---

References for Points in Headnotes
[1, 2] 46 Am Jur 2d, Judges § 62 *et seq.*
[3] 22 Am Jur 2d, Declaratory Judgments § 18.
[4] 20 Am Jur 2d, Courts §§ 80, 81.
[5] 20 Am Jur 2d, Courts § 16 *et seq.*
[6] 20 Am Jur 2d, Courts § 30.
[7] 46 Am Jur 2d, Judges § 237 *et seq.*
[8-10] 46 Am Jur 2d, Judges § 72 *et seq.*
[11] 5 Am Jur 2d, Appeal and Error § 1009.

3. DECLARATORY JUDGMENT—FUTURE RIGHTS—CONTINGENT EVENTS—PROPRIETY.

Issues pertaining to future rights generally will not be decided on a motion for declaratory judgment, especially where the interest of the moving party is merely contingent upon the happening of some event.

4. COURTS—COURT OF APPEALS—JURISDICTION—LACK OF JUSTICIABLE CONTROVERSY.

The Court of Appeals had jurisdiction in the interest of the administration of justice and the avoidance of future litigation to act upon defendant municipal judge's petition for a declaration of his rights in a dispute with plaintiff city over the retention of county monies paid to him directly for the processing of state criminal cases, even though a justiciable controversy might not have existed where a proper interpretation was necessary so that the city charter might, in the future, be read harmoniously with state statutes.

5. COURTS—MUNICIPAL COURTS—CREATION—POWER—CONSTITUTIONAL LAW.

Municipal courts are not created by the Constitution but are only authorized and permitted by it; municipal courts derive all of their power from the Legislature and exist at its pleasure; however, once municipal courts are established, they exist as a co-equal branch of local government (Const 1963, art 6, § 26).

6. COURTS—MUNICIPAL COURTS—JUDICIAL NATURE.

A municipal court, being vested with part of the judicial power of this state, belongs to the judicial branch of government.

7. JUDGES—MUNICIPAL JUDGES—VACATION OF OFFICE—ORDINANCES.

A city charter provision pertaining to the vacation of the office of a municipal judge upon the judge's failure to pay monies into the city treasury and to make required financial reports exceeds the city's statutory authority (MCLA § 117.31).

8. OFFICERS—PUBLIC OFFICIALS—PERSONAL SUITS—LEGAL EXPENSES.

Public officials who pursue or defend personal suits must bear their own legal expenses.

9. JUDGES—PERSONAL SUITS—LEGAL EXPENSES.

Attorney fees and costs were improperly granted to defendant municipal judge who was sued by plaintiff city for return of

county monies paid to him directly for the processing of state criminal cases because defendant was defending a personal suit (MCLA § 600.2405[6]).

10. JUDGES—PERSONAL SUITS—LEGAL EXPENSES—ATTORNEY FEES.
No attorney fees should have been awarded defendant municipal judge sued by his municipality for the return of fees collected for processing state criminal cases where the plaintiff's cause was filed against defendant acting in an individual capacity and reference to the defendant's office was *descriptio personae*, even though defendant raised the issue of separation of powers and interference with office.

11. COSTS—PUBLIC QUESTION—PROPRIETY.
No costs may be allowed in a case involving a public question; such an allowance is an abuse of discretion.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 31, 1971, at Detroit. (Docket Nos. 9664, 9791.) Decided June 23, 1971. Leave to appeal denied, 386 Mich 770.

Complaint by the City of Berkley against John E. Holmes, municipal judge, to recover monies paid to defendant's court by Oakland County for the processing of criminal cases which arose under state law. Defendant counterclaimed for declaratory relief. Summary judgment for defendant and partial declaratory relief on his counterclaim. Plaintiff appeals. Reversed, modified, and remanded.

*William F. Nern,* for plaintiff.

*L. C. Burch, Jr.,* for defendant.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

J. H. GILLIS, P. J. Plaintiff is a home rule city incorporated pursuant to MCLA § 117.1 *et seq.*

(Stat Ann 1970 Cum Supp § 5.2071 *et seq.*). Defendant served as the municipal judge of the City of Berkley from January 20, 1966 to April 17, 1967, during which time he was paid a salary by plaintiff. In addition to his salary, defendant received and retained $1,538.90, paid to his court by the Oakland County Treasurer for the processing of criminal cases which arose under state law. Plaintiff filed suit to recover these monies, claiming them to be wrongfully retained by defendant.

There has been a plethora of motions and countermotions associated with this litigation. Defendant's answer was accompanied by a motion for summary judgment. Plaintiff then countered with a similar motion, and defendant counterclaimed by requesting certain declaratory relief. On December 1, 1969, the trial court granted defendant's motion for summary judgment and ordered plaintiff's claim for return of the $1,538.90 dismissed with prejudice. On April 15, 1970, the trial court granted partial declaratory judgment on defendant's counterclaim. On May 27, 1970, that court denied plaintiff's motion to set aside and vacate the court's order of partial declaratory relief, and issued a further order granting partial payment of defendant's legal fees. On June 15, 1970, the trial court entered an order for further declaratory relief and ordered additional attorney's fees to be paid by plaintiff. A month later, the lower court entered an order refusing to either amend or stay enforcement of its prior order of partial declaratory judgment, and granted further attorney's fees.

Plaintiff commenced two appeals as of right, attacking all orders entered by the trial court. The issues raised are considered *seriatim:*

## I

*Whether the defendant properly retained, as additional personal income, the $1,538.90 paid to his court for the processing of state criminal cases?*

This issue arose from a dispute as to the proper interpretation of the City of Berkley Charter, ch 8, § 8.2, which reads in part:

"Said justice of the peace shall be an attorney, admitted to practice law in the Supreme Court of the State of Michigan. The justice of the peace shall be paid a salary initially by the city in the amount of seven thousand dollars ($7,000) per annum, subject to change by ordinance as hereinafter provided; this compensation to be in lieu of all costs, fees and charges to which said justice would otherwise be entitled, except fees for the performance of marriage ceremonies and administering oaths which are not connected with proceedings or suits in the court. Court fees may be set by the council by ordinance.

"The council, by ordinance, shall have the right to fix the compensation of the justice, and such compensation shall be in no event less than five thousand dollars ($5,000) per annum. The determination of the compensation to the justice shall be accomplished not less than 30 days before the last day for filing nominating petitions for election to the office of justice of the peace at any election in which a justice of the peace is to be elected, or in the case of a vacancy in the office prior to any appointment to fill such vacancy. All moneys received by said court or justice thereof, except fees for the performance of marriage ceremonies and administering oaths which are not connected with proceedings or suits in the court, and except moneys received in criminal cases arising out of state law, shall be paid into the city treasury in such manner as the council may prescribe by ordinance. The justice shall make an itemized monthly report to the city council in such manner as the council shall prescribe by ordinance,

of all moneys collected and all proceedings before this court."[1]

Home rule cities can set salaries to be paid municipal judges in lieu of the fee system. MCLA § 87.38 (Stat Ann 1971 Cum Supp § 5.1695); MCLA § 730.508 (Stat Ann 1962 Rev § 27.3937[8]); MCLA §§ 730.501, 730.501a (Stat Ann 1962 Rev §§ 27.3937 [1], 27.3937[1a]).

Further, MCLA § 117.28 (Stat Ann 1971 Cum Supp § 5.2107) provides salaries shall be paid in lieu of all fees, both civil and criminal.

"[T]o which said judge or justice might be entitled but for the provisions of this act, which fees in civil cases shall be collected by said judge or justice and turned over by him to the city treasurer of said city on the first and fifteenth of each month, and which fees in criminal cases shall be charged and presented to and audited by the board of supervisors of the county in which said court is situated, in the same manner and amounts as provided by law in the case of justices of the peace in townships, and upon allowance by said board of supervisors, shall be paid monthly, by said county to the treasurer of said city for the use and benefit of said city, and who shall turn over to the county treasurer of such county all costs and fines in state criminal cases, and who shall turn over to the city treasurer of such city all costs and fines in city ordinance or charter cases."[2]

---

[1] Justice of the peace courts were changed to municipal courts, and their officeholders' title changed to "judge" with the passage of MCLA § 730.501 (Stat Ann 1948 Rev § 27.3937[1]). The City of Berkley Charter has not redesignated its office of justice of the peace to conform with this statute.

[2] The amendment which preceded defendant's assumption of office, the 1965 amendment, did not change the language in this statute which is pertinent to this litigation, *i.e.*, the phrases concerning the setting of salary in lieu of all fees with the same exceptions as appear in the quotation here cited. Historical note to MCLA § 117.28 (Stat Ann 1971 Cum Supp § 5.2107). Therefore, the provisions here at issue are similar to those that were at issue during the time defendant held the office of municipal judge.

The trial court erred in interpreting the City of Berkley Charter, ch 8, § 8.2:

"All monies received by said court or justice thereof, except fees for the performance of marriage ceremonies and administering oaths which are not connected with proceedings or suits in the court, and except monies received in criminal cases arising out of state law, shall be paid into the city treasury in such manner as the counsel may prescribe by ordinance."

Plaintiff correctly argues that the compensation paid defendant was exclusive, excepting only fees from marriage ceremonies and the administration of oaths unconnected with court proceedings. The $1,538.90 retained by defendant for the processing of state criminal cases properly belonged to the city. The defendant's construction of the city charter provision in question will not be allowed to convert the plain meaning of the provision, *i.e.,* that the fees paid to the municipal court should have been paid monthly by the county directly to the city treasurer. *Stearns* v. *Vincent* (1927), 237 Mich 390. The county's sending these proceeds directly to defendant does not circumvent the fact that these fees properly belonged to plaintiff. *Harrison* v. *Board of Supervisors of Chippewa County* (1908), 151 Mich 91.

Neither party to this suit alleges that defendant fraudulently misappropriated these funds. Certainly we do not suggest or imply that any such criminal intent could be found in the record now before us. Rather, we hold only that defendant's retention of these moneys was based upon an incorrect interpretation of controlling sections of the city charter and state statutes.

Plaintiff also argues on appeal that defendant's motion for summary judgment on this issue did not conform with GCR 1963, 117. Because of our ruling that the trial court erred as a matter of law in entering summary judgment for defendant, it becomes unnecessary to determine the sufficiency of the motion itself.

## II

*Whether the trial court's order granting defendant's motion for certain declaratory relief was proper?*

Courts, confronted with motions for declaratory relief, have generally held that they will not decide issues pertaining to future rights, especially in matters where the interest of the party seeking such relief is merely contingent upon the happening of some event. *Hodges* v. *Hamblen County* (1925), 152 Tenn 395 (277 SW 901); *Washington-Detroit Theatre Company* v. *Moore* (1930), 249 Mich 673; *Grosse Pointe Shores* v. *Ayres* (1931), 254 Mich 58. An examination of defendant's counterclaim reveals, in general, only that the litigants' claims do not coexist compatibly. A justiciable controversy might well be found absent amid the myriad claims and counterclaims, motions, and opposing motions which comprise the record and briefs now before us. However, to so rule would merely delay inevitable litigation. This Court has jurisdiction in the interest of the administration of justice and the avoidance of much future litigation, GCR 1963, 820.1(7), to act upon defendant's petition for a declaration of rights. *Wayne Circuit Judges* v. *Wayne County* (1969), 383 Mich 10, 19–20; Callaghan's Michigan Pleading and Practice, § 69.12; Cyclopedia of Federal Procedure, §§ 90.02–90.05.

We act in this matter so that the sections of the city charter which have been in dispute will be read, in the future, harmoniously with existing state statutes.

"The judiciary is an independent department of the State, deriving none of its judicial powers from either of the other 2 departments. This is true although the legislature may create courts under the provisions of the Constitution. The judicial powers are conferred by the Constitution and not by the act creating the court. The rule is well settled that under our form of government the Constitution confers on the judicial department all the authority necessary to exercise its powers as a co-ordinate branch of the government. It is only in such a manner that the independence of the judiciary can be preserved. The courts cannot be hampered or limited in the discharge of their functions by either of the other 2 branches of government." *Gray* v. *Clerk of Common Pleas Court* (1962), 366 Mich 588, 595.

Municipal courts are not created by the Constitution, but are only authorized and permitted by it. They derive all of their power from the Legislature and exist at its pleasure. *Nichols* v. *Judge of Superior Court of Grand Rapids* (1902), 130 Mich 187; *In re Harrand* (1931), 254 Mich 584, 590; *People* v. *Holbrook* (1964), 373 Mich 94. However, once municipal courts are established,[3] they exist as a co-equal branch of local government. Mich Const 1963, art 6, § 26. The City of Berkley Charter, ch 3, § 3.1, designates that the municipal court judge is an elected officer of the city, and, therefore, he is not an employee. OAG 1955–1956, No 1979, p 616 (Nov 7, 1955).[4] The judge of the municipal court

[3] Municipal courts are considered local offices solely for nomination and election to office, and for matters of jurisdiction. *Attorney General* v. *Guy* (1952), 334 Mich 694; *Ball* v. *Trenton City Clerk* (1965), 1 Mich App 1; OAG 1963–1964, No 4205, p 370 (April 21, 1964).

[4] Unlike *City of Livonia* v. *Clark* (1968), 15 Mich App 342, which

is vested with part of the judicial powers of this state and, therefore, in the performance of these powers and their related administrative duties, the court here in question belongs to the judicial branch of government. *Township of Dearborn* v. *Dearborn Township Clerk* (1952), 334 Mich 673; *Superx Drugs* v. *Pharmacy Board* (1963), 372 Mich 22, 24, 25.

The city, by its own charter, is obliged to furnish a suitable court facility, City of Berkley Charter, ch 8, § 8.6, and a city attorney in the prosecution of all ordinance cases tried before the municipal judge, City of Berkley Charter, ch 7, § 7.6(b). The municipal judge, as an officer of the city, City of Berkley Charter, ch 3, § 3.1, shall control the court's budget, as any other municipal officer would control his budget, pursuant to policies outlined in the City of Berkley Charter, ch 10, § 10.2 *et seq.* Appropriations can be challenged by applying the practical necessity test, *Wayne Circuit Judges* v. *Wayne County, supra,* p 23; *Pennsylvania* v. *Tate* (Pa Sup Ct, 1971), 39 Law Week 2499. The appointment of substitute judges is also controlled by statute, MCLA §§ 730.506 and 730.507 (Stat Ann 1962 Rev § 27-.3937[6] and 27.3937[7]).

Further, the clerk of the court is appointed by the municipal legislative body, first being nominated for office by the judge(s) he shall serve.[5] After appointment, the clerk is under the control and direction of the municipal court. MCLA § 730.201 (Stat Ann 1962 Rev § 27.3901). Other court personnel also serve at the pleasure of the court, *Beck* v.

---

plaintiff heavily relies upon, there is no contract of employment between a judge and the municipality which he serves.

[5] Appointment of clerks for municipal courts in home rule cities can be governed by pertinent charter provisions. Such provisions for appointment will take precedence over MCLA § 730.201 (Stat Ann 1962 Rev § 27.3901). *Lewicki* v. *Matulewicz* (1948), 321 Mich 388.

*Keidan* (1921), 215 Mich 13; 3 Antieau, Municipal Corporation Law, § 26.05, p 462. The scope of this administrative control is subject to adjudicative challenge, *Wayne Circuit Judges* v. *Wayne County, supra.*

The trial court held the City of Berkley Charter, ch 8, § 8.2, unconstitutional as it applied to the vacation of the office of municipal judge upon failure to pay monies into the city treasury and to make financial reports as required. The lower court also held ch 8, § 8.8, of the same charter, unconstitutional.

The City of Berkley Charter, ch 8, § 8.8, provides, in part, that the city council shall exercise certain power and authority over the operation of the court where such is not inconsistent with the general laws of this State. Interference with the administrative operation of the court is inconsistent with state statutes, and should be avoided.[6] Likewise, while the council may provide for a method of payment of monies received by the municipal court to the city treasurer, City of Berkley Charter, ch 8, § 8.2, that method cannot be coupled with a penalty which would be in excess of statutory authority, MCLA § 117.31 (Stat Ann 1949 Rev § 5.2111).[7]

### III

*Whether the trial court's order granting defendant's motion for attorney fees and costs was proper?*

We appreciate the difficulty of defendant's plight. Yet, we also note that private parties who pursue individual legal and equitable remedies must bear the expenses of such litigation, subject to statutory

---

[6] MCLA § 730.1 *et seq.* (Stat Ann 1962 Rev § 27.3751 *et seq.*)

[7] If the judge has abused his office, he is subject to superintending control, Const 1963, art 6, § 4, and GCR 1963, 930, or disciplinary action by the Judicial Tenure Commission, Const 1963, art 6, § 30, and GCR 1963, 932.

provisions which provide otherwise. MCLA § 600-.2401 (Stat Ann 1962 Rev § 27A.2401); GCR 1963, 526.1. No statutory authority exists to support the trial court's award of attorney fees to defendant in this instance, MCLA § 600.2405(6) (Stat Ann 1962 Rev § 27A.2405).

The trial court abused its discretion in granting attorney's fees, in any amount, to defendant.[8] Public officials who pursue or defend personal suits must bear their own legal expenses.[9] To permit otherwise would allow the defendant to burden his municipality with legal expenses incurred unilaterally, and over which it would have no legislative control.

However, if, from the outset, defendant intended the city to pay his legal expenses, then he was bound to follow the city charter and ordinance provisions which govern contracting procedures, City of Berkley Charter, ch 15, § 15.3. Only after a refusal by the city could defendant be heard to raise the equitable and constitutional legal arguments with which he now confronts us. The voluminous record before us is devoid of any evidence that the defendant attempted to follow this procedure.

Plaintiff's cause of action was filed against defendant acting in an individual capacity, and reference to his office was *descriptio personae*. *Stone v. Interstate Natural Gas Co.* (1939), 103 F2d 544, *aff'd* 308 US 522 (60 S Ct 292, 84 L Ed 442). Defendant, on the other hand, raised the defense of separation of powers and interference with office. The expenses incurred in raising this defense, and our rulings on the same, require us, in fairness to both litigants, to reverse the order of the trial court.

---

[8] Unlike the parties in *Bond* v. *Ann Arbor School District* (1970), 383 Mich 693, 705, who, the Court felt, proceeded in the legal foray in pursuit of the best interests of the public.

[9] 67 CJS, Officers, § 132, p 428.

Defendant should pay all the legal expenses incurred pursuant to the individual contractual agreement he struck with his attorney.

Similarly, it was an abuse of discretion to allow costs, in this, a public question. *Township of Dearborn* v. *Dearborn Township Clerk, supra,* p 693; *City of Muskegon* v. *Slater* (1967), 379 Mich 466, 471; *Harvey* v. *Lewis (In re Disqualification of Judge)* (1968), 10 Mich App 23, 33; 22 Am Jur 2d, Declaratory Judgments, § 101, p 970.

Reversed, modified, and remanded for proceedings not inconsistent herewith. No costs, this being a public question.

All concurred.