EYDE CONSTRUCTION COMPANY v MERIDIAN TOWNSHIP

Docket No. 59054. Submitted June 9, 1982, at Lansing.—Decided September 23, 1982.

Eyde Construction Company brought an action for *quo warranto,* against Meridian Township, the members and officers of Natural Areas Association, officers of Concerned Citizens for Meridian, and the members and officers of Liaison for Inter-Neighborhood Cooperation, in Ingham Circuit Court, seeking to set aside the results of a referendum election on the rezoning of Eyde's property. The plaintiff alleged that two days before the referendum election the defendant associations distributed pamphlets containing materially fraudulent and erroneous statements concerning the effect of a "yes" vote on the zoning issue, the associations' members and officers knew of the fraudulent and erroneous nature of the statements, and the statements unduly and unfairly influenced Meridian Township voters on the zoning issue depriving them of the opportunity to make an informed and fair decision. The court, Ray C. Hotchkiss, J., granted summary judgment to the defendants. The plaintiff appeals. *Held:*

The Court of Appeals declined to assume that the Legislature intended to regulate statements in campaign literature in light of possible conflicts with the First Amendment in the absence of explicit language. The Legislature has deemed it a misdemeanor to make a false, deceptive, scurrilous, or malicious statement about a candidate for public office only if the true name of the author is not disclosed. Here, the names of the authors of the pamphlets were disclosed. The Court of Appeals declined to impose a stricter standard for statements concerning referendums than the Legislature imposed for statements concerning political candidates. Allowing the plaintiff's action to proceed to trial would undermine the Legislature's efforts.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Elections §§ 277, 278, 280, 281.
[2] 25 Am Jur 2d, Elections §§ 5, 6, 226.
[3] 26 Am Jur 2d, Elections § 380.

1. ELECTIONS — MATERIAL FRAUD.

> An action may be brought in the circuit court of any county of this state whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township or municipality thereof (MCL 600.4545; MSA 27A.4545).

2. ELECTIONS — POLITICAL EXPRESSION.

> Political expression should be afforded the broadest protection in order to ensure the unfettered interchange of ideas for the bringing about of political and social change; debate on public issues should be uninhibited, robust, and wide open; in the absence of explicit statutory language, the Court of Appeals should decline to assume that the Legislature intends to regulate statements in campaign literature in light of possible conflicts with the First Amendment.

3. ELECTIONS — MALICIOUS STATEMENTS — CANDIDATES.

> The Legislature has sought to encourage responsible political debate by proscribing anonymity, rather than regulating the contents of campaign literature, by deeming it a misdemeanor to make a false, deceptive, scurrilous, or malicious statement about a candidate for public office only if the true name of the author is not disclosed (MCL 168.931[s], 169.247; MSA 6.1931[s], 4.1703[47]).

*Lester N. Turner, P.C.* (by *Steven M. Basha*), for plaintiff.

*MacLean, Seaman, Laing & Guilford* (by *Kathleen Opperwall*), for defendant associations.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Plaintiff brought an action for *quo warranto*, pursuant to GCR 1963, 715, seeking to set aside the results of a referendum election on the rezoning of plaintiff's Shoals II property. Following the circuit court's grant of summary judg-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment in favor of defendants pursuant to GCR 1963, 117.2(1), plaintiff appeals as of right.

Plaintiff's action was based solely on MCL 600.4545; MSA 27A.4545, which provides in pertinent part:

"(1) An action may be brought in the circuit court of any county of this state whenever it appears that material fraud or error has been committed at any election in such county at which there has been submitted any constitutional amendment, question, or proposition to the electors of the state or any county, township, or municipality thereof."

Plaintiff alleged that two days before the referendum, defendant associations distributed pamphlets containing materially fraudulent and erroneous statements concerning the effect of a "yes" vote on the zoning issue, the associations' members and officers knew of the fraudulent and erroneous nature of the statements, and the statements unduly and unfairly influenced Meridian Township voters on the zoning issue, depriving them of the opportunity to make an informed and fair decision.

The language of MCL 600.4545; MSA 27A.4545 indicates that the Legislature intended to prohibit fraud or error at an election which would have a direct effect on the election's outcome. See, *e.g., St Joseph Twp v St Joseph,* 373 Mich 1; 127 NW2d 858 (1964) (vote buying). In the absence of explicit language, we decline to assume that the Legislature intended to regulate statements in campaign literature in light of possible conflicts with the First Amendment. Political expression must be afforded the broadest protection in order to ensure the unfettered interchange of ideas for the bringing about of political and social change; debate on

public issues should be uninhibited, robust, and wide open. *Advisory Opinion on Constitutionality of 1975 PA 227 (Questions 2-10)*, 396 Mich 465, 494; 242 NW2d 3 (1976).

In addition, we note that the Legislature has deemed it a misdemeanor to make a false, deceptive, scurrilous, or malicious statement about a candidate for public office only if the true name of the author is not disclosed. MCL 168.931(s); MSA 6.1931(s). In the instant case, the names of the statements' authors were disclosed. We decline to impose a stricter standard for statements concerning referendums than the Legislature has imposed for statements concerning political candidates.

The Legislature has sought to encourage responsible political debate by proscribing anonymity, rather than regulating the contents of campaign literature. See MCL 169.247; MSA 4.1703(47) (requiring the disclosure of the identity of the sponsor of any political material). Allowing plaintiff's action to proceed to trial would undermine the Legislature's efforts.

Affirmed. No costs, a public question being involved.