BLACKWELL v BAYLES

Docket No. 74559. Submitted May 7, 1984, at Detroit.—Decided
    September 6, 1984.

Robert B. Blackwell, the Mayor of the City of Highland Park,
    brought an action in the Wayne Circuit Court against Thomas
    C. Bayles, a judge of the 30th District Court, and Mary Mc-
    Laughlin, a deputy court administrator of the 30th District
    Court, alleging that certain political activities conducted by
    defendant district judge violated the Code of Judicial Conduct
    and asking for an injunction. The court granted a restraining
    order and, later, a preliminary injunction ordering defendant
    judge, his employees, agents and others in active participation
    with him to refrain from the political activities complained of.
    Defendants appealed by leave granted. *Held:*

The circuit court does not have jurisdiction to hear a com-
    plaint for injunctive relief against a district court judge alleg-
    ing abuse of the office of district judge by violating the Code of
    Judicial Conduct. In such a case the proper remedies are
    superintending control or disciplinary action by the Judicial
    Tenure Commission.

Reversed and the preliminary injunction and temporary
    restraining order dissolved.

P. C. Elliott, J., concurred separately, noting that it is
    arguable that a judge who violates the canon against public
    endorsement of a nonjudicial candidate can be disciplined,
    possibly removed from office, but cannot constitutionally be
    silenced by injunction.

Judges — Abuse of Office — Courts — Equity — Jurisdiction —
    Remedies — Constitutional Law — Court Rules.

The circuit court does not have jurisdiction to hear a complaint
    for injunctive relief against a district court judge alleging abuse
    of the office of district judge by violating the Code of Judicial
    Conduct; in such a case the proper remedies are superintending
    control or disciplinary action by the Judicial Tenure Commis-
    sion (Const 1963, art 6, § 30; GCR 1963, 932).

Reference for Points in Headnote
46 Am Jur 2d, Judges § 50.

*James McGinnis,* for plaintiff.

*James Schuster,* for defendants.

Before: Wahls, P.J., and T. M. Burns and P. C. Elliott,* JJ.

Per Curiam. Plaintiff filed a complaint alleging that certain political activities conducted by defendant district judge violated the Code of Judicial Conduct. The circuit court granted a temporary restraining order and a preliminary injunction ordering defendant judge to cease participating in these political activities. Defendants now appeal by leave granted.

Defendants argue that the circuit court was without jurisdiction to order injunctive relief since the Supreme Court and the Judicial Tenure Commission have the sole jurisdiction to hear complaints of violations of the Code of Judicial Conduct. The Michigan Constitution grants the Supreme Court superintending control jurisdiction through art 6, §§ 4 and 30. Under § 4, the Supreme Court may enjoin a judge from exercising the powers of the office "for the purpose of protecting the purity of the judicial processes and maintaining public confidence in the administration of justice". *In the Matter of Probert,* 411 Mich 210, 230; 308 NW2d 773 (1981). The court rules indicate that the Supreme Court and the Judicial Tenure Commission have the exclusive jurisdiction to consider this type of case. GCR 1963, 930, 932.

Defendants, however, argue that the circuit court has jurisdiction to hear complaints against a municipal judge and should do so in the interest of the administration of justice. *City of Berkley v*

* Circuit judge, sitting on the Court of Appeals by assignment.

*Holmes,* 34 Mich App 417; 191 NW2d 561 (1971). In that case, however, this Court noted:

"If the judge has abused his office, he is subject to superintending control, Const 1963, art 6, § 4, and GCR 1963, 930, or disciplinary action by the Judicial Tenure Commission, Const 1963, art 6, § 30, and GCR 1963, 932." 34 Mich App 427, fn 7.

In the instant case, plaintiff alleges only that defendant judge abused his office by violating the Code of Judicial Conduct. The circuit court was, therefore, without jurisdiction to consider this matter. The preliminary injunction and temporary restraining order are, therefore, dissolved.

Reversed.

P. C. ELLIOTT, J. *(concurring).* Surprisingly, the lawyers for the district judge never argued that the injunction issued would be an unconstitutional prior restraint on the judge's right of free speech. Such a claim has not been briefed below or in this Court. I think it is arguable that, in a democracy with our constitutional rights, a judge who violates the canon against public endorsement of a nonjudicial candidate can be disciplined, possibly removed from office, but he cannot be silenced by an injunction.

He can be censured but not censored.