TREASURER OF THE COMMITTEE TO ELECT GERALD D
LOSTRACCO v FOX

Docket No. 81386. Submitted October 8, 1985, at Lansing.—Decided
February 20, 1986. Leave to appeal denied, 425 Mich —.

Plaintiff, the treasurer of the Committee to Elect Gerald D.
Lostracco, 35th Judicial Circuit Judge, brought an action in
Shiawassee Circuit Court against Bruce A. Fox and the Com-
mittee to Elect Bruce A. Fox seeking an injunction to prohibit
defendants from engaging in allegedly improper campaign
tactics, specifically the publication of signs, circulars or other
advertisements which would mislead the public into believing
that defendant Fox was the incumbent circuit judge in the
November, 1984, election. The circuit court, Timothy M. Green,
J., found that the defendants' advertisements were misleading
and violated the Canons of Judicial Conduct and enjoined the
defendants from continuing to use such advertisements. Defen-
dants appealed, alleging several errors. *Held:*

1. The circuit court had subject-matter jurisdiction, as the
plaintiff alleged that defendants were engaging in criminal
conduct as well as violating the Code of Judicial Conduct. The
fact that the allegation of a Code of Judicial Conduct violation,
a type of claim over which circuit courts have no jurisdiction,
was added as one ground for the complaint did not divest the
court of its jurisdiction.

2. Plaintiff established adequate grounds for injunctive relief.

3. The fact that the circuit court granted relief on the basis
of a violation of the Code of Judicial Conduct does not warrant

REFERENCES

Am Jur 2d, Appeal and Error §§ 702 *et seq.*

Am Jur 2d, Constitutional Law §§ 496 *et seq.*

Am Jur 2d, Courts §§ 9 et seq., 87 *et seq.*

Am Jur 2d, Injunctions §§ 39 *et seq.*

Validity and construction of state statute prohibiting anonymous
political advertising. 4 ALR4th 741.

Effect of alleged misstatements or misrepresentations in campaign
literature, material, or leaflets on validity of representation elec-
tion. 3 ALR3d 889.

See also the annotations in the ALR3d/4th Quick Index under
Freedom of Speech and Press.

reversal. The Court of Appeals will not reverse where a lower court reaches the right result for the wrong reason.

4. The injunction did not impermissibly violate defendant Fox's right of free speech.

Affirmed.

1. COURTS — CIRCUIT COURTS — JURISDICTION — CODE OF JUDICIAL CONDUCT.

A circuit court is without jurisdiction to hear a claim alleging a violation of the Code of Judicial Conduct; however, the inclusion of such an allegation in the plaintiff's complaint does not divest the court of jurisdiction which is proper based upon the other claims set forth in the complaint.

2. INJUNCTIONS — IRREPARABLE HARM — ADEQUATE REMEDY AT LAW.

Injunctive relief is proper where a plaintiff has shown that a defendant's actions would cause plaintiff irreparable harm and that plaintiff has no adequate remedy at law.

3. APPEAL — RIGHT RESULT FOR WRONG REASON.

The Court of Appeals will not disturb the decision of a lower court which reaches the right result for the wrong reason.

4. CONSTITUTIONAL LAW — FREE SPEECH — POLITICAL SPEECH.

Free speech concerning public affairs in the political arena is afforded great protection; however, knowing misrepresentations are not constitutionally protected free speech.

*Gordon W. Hoy,* for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Robert W. White* and *John H. Gretzinger*), for defendants.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

PER CURIAM. Defendants' Bruce A. Fox and the Committee to Elect Bruce A. Fox to Circuit Court appeal as of right from a circuit court order enjoining the defendants from publishing signs, circulars or advertisements which would mislead the

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

public into believing that Fox was the incumbent circuit judge in the November, 1984, election in Shiawassee County. We affirm.

On October 30, 1984, plaintiff, the campaign treasurer for the Committee to Elect Gerald D. Lostracco, filed a complaint in Shiawassee County Circuit Court seeking an ex parte preliminary injunction to prevent defendants from engaging in allegedly improper campaign tactics. Both Lostracco and Fox were seeking the office of circuit court judge in Shiawassee County's November, 1984, election. Defendants, plaintiffs alleged, had posted signs and published circulars and advertisements which were misleading in that they incorrectly gave the impression that defendant Fox was the incumbent circuit judge. The misleading advertisements stated, *inter alia,* "Bruce A. Fox, Shiawassee Circuit Judge", "Elect Judge Fox to Circuit Court", "Elect Judge Bruce A. Fox to Circuit Court", and "Elect Judge Bruce A. Fox Shiawassee Circuit Judge".[1] It was alleged that the misleading advertisements violated MCL 168.944; MSA 6.1944, and Professional and Judicial Ethics Opinion No. 74 (March, 1941).

On October 31, 1984, Shiawassee County Circuit Court Judge Peter J. Marutiak disqualified himself from the case. Clinton County Circuit Court Judge Timothy M. Green was immediately appointed to take his place. At the conclusion of the hearing, held November 1, 1984, Judge Green stated he would enjoin defendant Fox from misrepresenting his identity or present position. He found "as a

[1] At a hearing on the motion, held November 1, 1984, Judge Fox stated he accepted responsibility for advertisements prepared on his behalf by his election committee. Judge Fox testified that his committee published a correction regarding one of his newspaper advertisements which had stated: "Judge Bruce A. Fox Shiawassee Circuit Judge." The correction depicted the advertisement as beginning with the word "elect".

620 MICH APP 617

matter of law that the ads run by Mr. Fox violate
the Canons of Ethics or the Canons of Judicial
Conduct in that they misrepresent his identity, his
present position and he shall be enjoined forthwith
from any further ads of a similar vein or import".
Months later, on March 5, 1985, Judge Green
signed an order stating:

"IT IS HEREBY ORDERED that the Court finds as a
matter of law that Defendants' yard signs, newspaper
advertisements, large signs and circulars are, in fact,
misleading to the electorate in that the language used
therein does give the impression that Defendant Fox is
an incumbent Circuit Court Judge when in fact he is
not;

"NOW, THEREFORE, IT IS HEREBY ORDERED
that the Defendants, BRUCE A FOX and the COMMIT-
TEE TO ELECT BRUCE A. FOX TO CIRCUIT COURT,
are hereby enjoined from publishing any signs, circu-
lars, advertisements or other written or oral advertise-
ment containing language which does not specifically
inform the public that he is a District Judge so that the
public will not be misled into believing that Defendant
Fox is the incumbent Circuit Judge.

"IT IS FURTHER ORDERED that Plaintiff shall not
make use of this Order in any paid political advertise-
ment during this campaign."

On appeal, defendants claim that the circuit
court was without subject-matter jurisdiction to
enjoin a violation of the Code of Judicial Conduct,
because, pursuant to Const 1963, art 6, § 30, the
Judicial Tenure Commission and the Supreme
Court have exclusive jurisdiction over violations of
the Code of Judicial Conduct. We disagree. If the
plaintiff had not raised anything more than a
violation of the Code of Judicial Conduct, the
circuit court would have been without jurisdiction
to hear the matter. *Blackwell v Bayles,* 141 Mich
App 151; 366 NW2d 13 (1984). Plaintiff, however,

also alleged that defendants were engaging in criminal conduct in violation of MCL 168.944; MSA 6.1944, which makes it a misdemeanor for a candidate for public office to give the impression in campaign advertisements that he is the incumbent when in fact he is not. Because the circuit court had jurisdiction to grant an injunction, GCR 1963, 718, we reject defendants' claim. The circuit court was not divested of subject-matter jurisdiction merely because an allegation of a violation of the Code of Judicial Conduct was attached as one of the grounds for the complaint for injunction.

Defendants next argue that plaintiff failed to establish that he was entitled to injunctive relief. We disagree. Plaintiff showed that he was entitled to equitable relief because defendants' continued violation of the criminal statute would cause irreparable harm in the election. Based upon our *de novo* review of the record, *Marconeri v Village of Mancelona,* 124 Mich App 286, 287-288; 335 NW2d 21 (1983), we believe plaintiff had no other adequate remedy than to seek an injunction. Neither a prosecution for violation of MCL 168.944; MSA 6.1944 nor an investigation by the Judicial Tenure Commission would have stopped the misleading advertisements prior to the election which was one week away when the complaint was filed. Had the defendants' misleading advertisements been successful, the injury—the loss of votes for plaintiff's candidate in the election—would have been irreparable and permanent. Because plaintiff proved by a preponderance of the evidence an actual or threatened invasion of his candidate's right to seek office in a fair election and demonstrated that he had no adequate remedy at law, see *Barkau v Ruggirello,* 100 Mich App 617, 623; 300 NW2d 342 (1980), injunction was the proper remedy.

We recognize that the court stated on the record

that it had granted the injunction because the Fox advertisements violated the Canons of Judicial Conduct. Defendants claim this was impermissible under the rule of *Blackwell, supra.* However, where the lower court reaches the right result for the wrong reason, we will not disturb the results on appeal. *Robertson v City of Detroit,* 131 Mich App 594; 345 NW2d 695 (1983).

Next we consider defendants' contention that the circuit court injunction violated Fox's right of free speech guaranteed by US Const, Am I and Const 1963, art 1, § 5.

The trial court enjoined defendants from illegally giving the impression that Fox was the incumbent when in fact he was not the incumbent. MCL 168.944; MSA 6.1944 makes such conduct illegal:

> "Any candidate for public office who advertises or uses in any campaign material, including radio, television, newspapers, circulars, cards or stationery, the words incumbent, re-elect, re-election, or otherwise indicates, represents or gives the impression that he is the incumbent, when in fact the candidate is not the incumbent is guilty of a misdemeanor punishable as provided in section 934."

Although both the state and federal constitutions express fundamental personal rights of free speech and expression, the right to freedom of speech or expression is not unlimited. *People v Neumayer,* 405 Mich 341, 364; 275 NW2d 230 (1979); *Heffron v Int'l Society for Krishna Consciousness, Inc,* 452 US 640, 647; 101 S Ct 2559; 69 L Ed 2d 298 (1981). Both state and federal law regarding free speech in the political arena provide great protection for speech concerning public

affairs. See *CBS, Inc v Federal Communications Comm*, 453 US 367, 396; 101 S Ct 2813; 69 L Ed 2d 706 (1981); *Eyde Construction Co v Meridian Twp*, 119 Mich App 792, 794-795; 327 NW2d 364 (1982).

The question of whether the right to free speech in the political arena protects misleading or false statements made by a candidate during an election campaign has received some attention in the federal courts. In *Vanasco v Schwartz*, 401 F Supp 87, 91 (ED NY, 1975), *aff'd* 423 US 1041; 96 S Ct 763; 46 L Ed 2d 630 (1976), the federal district court considered the extent to which a state may regulate the speech of those persons seeking public office. Quoting *Garrison v Louisiana*, 379 US 64, 75; 85 S Ct 209, 216; 13 L Ed 2d 125 (1964), the Court held generally that " 'the knowingly false statement and the false statement made with the reckless disregard of the truth, do not enjoy constitutional protection' ". 401 F Supp 92.

Knowing misrepresentations are not constitutionally protected free speech. Here, once the circuit judge determined that defendants' advertisements were misleading in fact, any republication would have been a knowing misrepresentation. Therefore, we find no infringement on the defendants' right of free speech in the political arena when the circuit court enjoined such republications.

Finally, we decline to decide defendant Fox's claim that his campaign materials did not violate Canon 7 of the Code of Judicial Conduct. The Supreme Court and the Judicial Tenure Commission have the exclusive jurisdiction to consider violations of the Code of Judicial Conduct. *Blackwell, supra*.

Affirmed.