989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George W. PARKER, Former Conservator of Joseph C. HOOPER,
Jr., and E.R. Whinham, Attorney for George W.
Parker, Plaintiffs-Appellants,
v.
Frederick O. SILL, Jackson County Probate Judge, Defendant-Appellee.
 No. 92-1158.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1993.
 
 Before NELSON and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, George W. Parker, former conservator of Joseph C. Hooper, Jr., and E.R. Whinham, attorney for George W. Parker, appeal the district court's dismissal of their complaint against Frederick O. Sill, Jackson County Probate Judge, alleging a violation of 42 U.S.C. § 1983. Plaintiffs also appeal the district court's order denying the motion for disqualification under 28 U.S.C. § 144. For the following reasons, we affirm.
 
 I.
 
 2
 Plaintiffs, George A. Parker, and E.R. Whinham, the attorney for George W. Parker, appeared before defendant, Frederick O. Sill, a Michigan Probate Court Judge, on August 20, 1990 in Jackson County Probate Court. A hearing was held in which Judge Sill decided to dismiss plaintiff Parker as conservator of Joseph C. Hooper, Jr.
 
 
 3
 Plaintiffs filed a complaint in the United States District Court for the Eastern District of Michigan, alleging that Judge Sill had violated 42 U.S.C. § 1983 by altering an audio cassette of the hearing on whether to dismiss the conservatorship of Mr. Hooper in order to make it appear that there was a basis for his decision.
 
 
 4
 In their complaint, plaintiffs asked the district court to: (1) issue a temporary restraining order enjoining Judge Sill and any other judge of the Jackson County Probate Court from proceeding with a hearing for the removal of plaintiff, Joseph W. Parker, as conservator of Joseph C. Hooper, Jr.; (2) hold a prompt hearing on whether a preliminary injunction should issue restraining Judge Sill from proceeding further in the case of the matter of Joseph C. Hooper, Jr.; (3) enter an order directing the person in charge of the records of the Jackson County Probate Court to surrender the audio cassette tape of the proceedings held before Judge Sill on August 20, 1990, so the tape could be examined; and (4) award the plaintiffs damages.
 
 
 5
 On September 24, 1991, plaintiffs filed a motion for a temporary restraining order which was denied. On October 9, 1991, defendant Judge Sill filed a motion to dismiss for failure to state a cause of action based on a federally protected right under 42 U.S.C. § 1983 and because he was immune from liability under the doctrine of judicial immunity.
 
 
 6
 On October 15, 1991, plaintiffs filed an answer to defendant's motion to dismiss and a motion for a pendente lite injunction. On October 28, 1991, the district court heard oral arguments on defendant's motion to dismiss and on the plaintiffs' motion for a pendente lite injunction.
 
 
 7
 On October 29, 1991, plaintiffs filed a motion to disqualify the district court judge pursuant to 28 U.S.C. § 144.
 
 
 8
 On October 31, 1991, the district court issued a memorandum and order, denying the plaintiffs' motion for disqualification of the district court judge, and dismissing the plaintiffs' complaint against Judge Sill.
 
 
 9
 After plaintiffs' petition for a writ of mandamus seeking to vacate the district court order was denied by the district court and appealed to this court, this court held that the petition for the writ should be treated as an appeal of the district court's October 31, 1991 order.
 
 II.
 
 10
 We must first consider whether the district court erred in denying the plaintiffs' motion to disqualify himself under 28 U.S.C. § 144. We review this issue under an abuse of discretion standard. Kelley v. Metropolitan County Board of Education, 479 F.2d 810, 811 (6th Cir.1973); Varela v. Jones, 746 F.2d 1413, 1416 (10th Cir. (1984).
 
 
 11
 A motion for disqualification is to be granted under 28 U.S.C. § 144 as follows:
 
 
 12
 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
 
 
 13
 The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists....
 
 
 14
 Plaintiffs contend that under 28 U.S.C. § 144, when a district court judge is faced with a motion for disqualification, he may not proceed until another judge has ruled on the motion. This contention is without merit. Courts have consistently held that the challenged judge rules on the motion and that a judge must "proceed no further" only if the affidavit is "timely and sufficient." United States v. Azhocar, 581 F.2d 735, 738 (9th Cir.1978), cert. denied, 440 U.S. 907 (1979); United States v. Gigax, 605 F.2d 507, 511 (10th Cir.1979). If the district court judge determines that the affidavit fails to meet the requirements of 28 U.S.C. § 144, the judge may proceed with the case. Although it is the judge's duty to refuse to sit when he is disqualified, it is equally his duty to sit when there is no valid reason for recusation. Hall v. Burkett, 391 F.Supp. 237, 240 (W.D.Okla.1975).
 
 
 15
 In the present case, a review of plaintiffs' motion for disqualification and the affidavit filed in support thereof clearly shows that it was not sufficient to justify granting a motion to disqualify the district court judge. To be disqualifying, the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). See also Oliver v. Michigan State Board of Education, 508 F.2d 178, 180 (6th Cir.1974), cert. denied, 421 U.S. 963 (1975).
 
 
 16
 In the present case, the plaintiffs' motion to disqualify and the affidavit filed in support thereof are devoid of facts which show any personal bias or prejudice against the plaintiffs or in favor of the defendant on the part of the district court. Plaintiffs' motion to disqualify the district court judge alleges, in essence, that at the hearing on the defendant's motion to dismiss, the district court demonstrated bias or prejudice against the plaintiffs by telling his clerk that the case would not take long, by refusing to take testimony, by suggesting that the plaintiffs' proper remedy was in the state court system, and by taking the matter under advisement. None of these allegations shows that the district court had a personal bias or prejudice against the plaintiffs or in favor of the defendant that was the result of some extrajudicial source.
 
 
 17
 The transcript of the hearing on defendant's motion to dismiss does not show that the district court stated that the case would not take long. However, even if he had made such a statement, it would show only that he was familiar with the case and the issues before him. In addition, refusing to take testimony does not show any personal bias or prejudice. District courts routinely refuse to take testimony on motions to dismiss especially where, as here, all of the plaintiffs' allegations are taken as true for the purposes of the motion. Furthermore, taking a case under advisement fails to show any personal bias or prejudice. Finally, the district court's suggestion that the plaintiffs' proper remedy was in the state court system did not show any personal bias or prejudice. The judge was simply stating what was obvious from reviewing the plaintiffs' complaint--that it was apparent that the state remedies were sufficient and constitutionally adequate.
 
 
 18
 To conclude, plaintiffs' motion to disqualify the district court was not sufficient to justify disqualification, and the district court did not abuse its discretion in denying the motion. The district court is affirmed on this issue.
 
 III.
 
 19
 We must next decide whether the district court erred in dismissing plaintiffs' complaint against Judge Sill, which alleged a violation of 42 U.S.C. § 1983.
 
 
 20
 Plaintiffs contend that 42 U.S.C. § 1983 was violated because they were denied a federal constitutional right because a state court probate judge allegedly tampered with an audio tape of an August 20, 1990 hearing in an attempt to justify his dismissal of plaintiff Parker as conservator of Joseph C. Hooper, Jr. They allege that they have been denied due process because "procedures in state tribunals have resulted in denying every attempt to have the audio cassette tape examined and the defendant probate judge disqualified." They contend that the state court judge's alleged alteration of the record binds plaintiffs to a false record and denies them due process of law.
 
 
 21
 We find that these allegations are insufficient to state a claim under 42 U.S.C. § 1983. Plaintiffs are alleging a procedural due process claim under 42 U.S.C. § 1983 based on the state court's alleged tampering with the cassette tape recording. In order to properly state a federal constitutional due process violation under 42 U.S.C. § 1983, a plaintiff must demonstrate that state remedies are inadequate to satisfy the requirements of due process. See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981); Wilson v. Beebe, 770 F.2d 578, 784 (6th Cir.1985). The state remedy need not provide all of the same relief as is available under 42 U.S.C. § 1983 to be considered adequate. Parratt, 451 U.S. at 544. Plaintiffs contend that state remedies are inadequate because they have not been allowed to examine the questioned audio cassette tape recording. This allegation is insufficient to overcome the requirement of Parratt v. Taylor. In the present case, the state of Michigan provides adequate relief for the plaintiffs' alleged claims. For example, if the probate judge abused his office, he is subject to disciplinary action by the Michigan Judicial Tenure Commission, Mich. Const. Art. 6, 30. See also Blackwell v. Bayles, 141 Mich.App. 151, 153 (1984). If he committed a crime, as the plaintiffs suggest, he is subject to prosecution under Michigan law. If he erred or acted wrongly in deciding to dismiss Mr. Hooper's conservatorship, his decision can be overturned on appeal. For these reasons, plaintiffs have failed to state a claim of procedural due process under 42 U.S.C. § 1983, and the district court was correct in dismissing the complaint.
 
 
 22
 We therefore AFFIRM the decision of the district court for the reasons stated herein.